# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHERYL BLACK-GOSSE,

    Plaintiff,

v.                                                            No. CIV 01-0586 WJ/KBM

STATE OF NEW MEXICO,
d/b/a Penitentiary of New Mexico;
LT. PETER RICHARDS, Individually
and in his official capacity; and
LT. KENT KIRSCHNER, Individually
and in his official capacity,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court pursuant to Defendant State of New Mexico's First Motion to Dismiss: State Tort Claims [Docket No. 9].

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff filed a Complaint in federal court on May 22, 2001 alleging civil rights violations under 42 U.S.C. § 1983 and state tort claims. Plaintiff's complaint alleges that two correctional officers at the Penitentiary of New Mexico sexually assaulted her on several occasions while Plaintiff was an inmate at the Penitentiary between October or November of 1999 and December of 2000.

The State of New Mexico, the only Defendant served in this action to date, has filed a motion to dismiss the state tort claims on the basis that Plaintiff failed to provide the requisite notice of claim under the New Mexico Tort Claims Act.

**DISCUSSION**

I.    DEFENDANT'S MOTION

In ruling on a motion to dismiss, the Court must accept as true all factual allegations within the Complaint and draw all reasonable inferences in favor of the Plaintiff. Housing Authority of the Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991). Therefore, for the purposes of this motion, this Court will accept as true all of Plaintiff's allegations regarding her interactions with Lt. Richards and Lt. Kirschner during her incarceration at the Penitentiary of New Mexico.

As noted above, Plaintiff's Complaint alleges federal claims under 42 U.S.C § 1983 and claims under state tort law. Defendant State of New Mexico is entitled to Eleventh Amendment Immunity and traditional common law sovereign immunity unless that immunity is waived or abrogated. To the extent Plaintiff seeks recovery from Defendant State of New Mexico for state tort claims, state law determines whether the State of New Mexico has waived its sovereign immunity and Eleventh Amendment immunity in this Court.

The New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through 41-4-29 governs the waiver of sovereign immunity by the State of New Mexico for state law claims. Plaintiff must meet the requirements of the New Mexico Tort Claims Act in order to bring an action against the State of New Mexico for state tort claims. Section 41-4-16 requires that a person who claims damages from the state under the Tort Claims Act give notice of the claim within 90 days of the occurrence giving rise to the claim. The Tort Claims Act also allows a claim to proceed if the State has had "actual notice" of the claim. N.M. Stat. Ann. § 41-4-16(B).

Defendant State of New Mexico avers, and Plaintiff does not dispute, that Plaintiff did not provide any notice of claim in this case. Defendant State of New Mexico argues that the actual notice requirement was not met in this case. Plaintiff does not argue that there was actual notice. Therefore, the notice requirement of the New Mexico Tort Claims Act was not met, and Plaintiff's state tort claims must be dismissed.

Plaintiff argues that the notice of claim requirement cannot be applied in this case and cites Felder v. Casey, 487 U.S. 131 (1988). Plaintiff is correct that a state notice of claim requirement cannot preclude a plaintiff's federal law claims under 42 U.S.C. § 1983. However, Defendant is not seeking to preclude Plaintiff's federal claims for failure to give notice in accordance with the New Mexico Tort Claims Act but is only seeking dismissal of Plaintiff's state law claims.

## II. SUBJECT MATTER JURISDICTION

As noted previously, the State of New Mexico is entitled to Eleventh Amendment Immunity from suit in federal court. The State of New Mexico has asserted the defense of Eleventh Amendment immunity in this case. See Answer, Affirmative Defenses ¶ 10. Once effectively raised, the Eleventh Amendment becomes a limitation on a federal court's subject matter jurisdiction. Harris v. Owens, 264 F.3d 1282 (10th Cir. 2001). Whenever it appears that the Court lacks subject matter jurisdiction, a court shall dismiss the action. Fed. R. Civ. P. 12(h)(3). Thus, this Court raises *sua sponte* the issue of its subject matter jurisdiction over the claims against the State of New Mexico.

The Eleventh Amendment generally bars federal court lawsuits seeking damages against states. Bishop v. Doe, 902 F.2d 809, 810 (10th Cir. 1990). A state may waive its Eleventh Amendment immunity and consent to suit against itself. Id. Congress may also abrogate a state's

3

Eleventh Amendment immunity with its powers under Section 5 of the Fourteenth Amendment. Edelman v. Jordan, 415 U.S. 651 (1974).

It is well settled law that 42 U.S.C. § 1983 does not abrogate a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979). It is also established circuit precedent that the New Mexico Tort Claims Act does not waive a state's Eleventh Amendment immunity from suit in federal court. Bishop, 902 F.2d at 810. In accordance with these precedents, this Court must dismiss all of Plaintiff's claims against Defendant State of New Mexico as this Court lacks subject matter jurisdiction over these claims.

Plaintiff filed her Complaint on May 22, 2001 alleging claims against the State of New Mexico and two individual defendants. On September 14, 2001, Plaintiff was notified that her case would be dismissed if she did not effect service on defendants within 11 days. On September 20, 2001, the Court granted Plaintiff a 60 day extension to effect service on defendants. To date, the only defendant served in this case is the State of New Mexico. All claims against this Defendant have now been dismissed. In accordance with Fed. R. Civ. P. 4(m), Plaintiff's remaining claims are dismissed without prejudice.

CONCLUSION

IT IS THEREFORE ORDERED that Defendant State of New Mexico's First Motion to Dismiss: State Tort Claims [Docket No. 9] is GRANTED and Plaintiff's state tort claims against Defendant State of New Mexico are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all Plaintiff's claims against Defendant State of New Mexico are DISMISSED WITH PREJUDICE based on Defendant's Eleventh Amendment Immunity.

IT IS FINALLY ORDERED that Plaintiff's remaining claims against individually named defendants are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m).

_____
UNITED STATES DISTRICT JUDGE